UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

RICHMOND, VIRGINIA

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| WEST VIRGINIA CWP FUND, | ) |
| as carrier for LAFAYETTE SPRINGS | ) |
| ENTERPRISES, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| VALLA JEAN LOUDERMILK, | ) FOURTH CIR. NO.:  13-2311 |
| on behalf of and surviving spouse of | ) |
| HAROLD E. LOUDERMILK, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| and | ) |
| | ) |
| DIRECTOR, OFFICE OF WORKERS' | ) |
| COMPENSATION PROGRAMS, UNITED | ) |
| STATES DEPARTMENT OF LABOR, | ) |
| | ) |
| Statutory Respondent. | ) |

_____

## <u>MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL AS ATTACHMENT TO INFORMAL REPLY BRIEF OF PETITIONER</u>

Petitioner, the West Virginia CWP Fund (the "Fund"), respectfully moves,

pursuant to Local Rule 28(b), for leave to file an Attachment to the Petitioner's

Informal Reply Brief.  As grounds for this Motion, Petitioner states as follows:

1.    Petitioner filed a timely Informal Opening Brief on January 30, 2014.

2.    The Director, Office of Workers' Compensation Programs, United States Department of Labor, as the Federal Respondent, timely filed an informal Response Brief following a granted extension request on March 19, 2014.

3.    The Petitioner timely filed an Informal Reply Brief on April 1, 2014.

4.    The Director advocates conflicting interpretations of 30 U.S.C. § 921(c)(4), which addresses the 15-year rebuttable presumption of total pulmonary disability due to coal workers' pneumoconiosis under the Black Lung Benefits Act.

5.    In the brief filed on behalf of the Federal Respondent, the Director seeks *Chevron* deference regarding the agency's recent interpretation of § 921(c)(4) set forth in 20 C.F.R. § 718.305 (2013). *See* Dir.'s Br. at 7-8, 18; *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)).

6.    In support of its position that Director's interpretation of § 921(c)(4) is not entitled to deference, Petitioner's Informal Reply Brief cites to a brief that the Director filed as Federal Respondent with the Fifth Circuit in *U.S. Steel Corp. v. Gray*. *See* Pet.'s Reply Br. at 20-21 (citing Br. for Dir. at 10-11, 21 (Mar. 2, 1978), *U.S. Steel Corp. v. Gray*, 588 F.2d 1022 (No. 77-3096) (5th Cir. 1979) (attached)). Petitioner moves to attach a copy of the Director's brief in *Gray* to its

Informal Reply Brief for the Court's convenience because that brief is not publicly available in an electronic database.

7.    Counsel for the Petitioner has contacted counsel for the Federal Respondent. Counsel for Director has no objection to this motion. Mrs. Loudermilk is unrepresented and has not been contacted, as this Motion involves purely legal issues.

For these reasons, Petitioner, the Fund, respectfully moves for leave to file the Brief of the Federal Respondent in the case of *U.S. Steel Corp. v. Gray*, 588 F.2d 1022 (5th Cir. 1979), as an attachment to the Informal Reply Brief of Petitioner.

Respectfully submitted,

**WEST VIRGINIA CWP FUND,**
**as carrier for LAFAYETTE SPRINGS**
**ENTERPRISES, INC.,**

By Counsel.

/s/ Tiffany B. Davis
Ashley M. Harman
WV Bar No.:  7162
Tiffany B. Davis
WV Bar No.:  11379
Jackson Kelly PLLC
P. O. Box 619
Morgantown, WV  26507
(304) 284-4100

# ATTACHMENT I

MAR 2 0 1978

77-3096

PERMANENT RECORDS STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 77-3096

UNITED STATES STEEL CORPORATION

Petitioner

v.

FRANK GRAY

and

BENEFITS REVIEW BOARD, DEPARTMENT OF LABOR

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

Respondents

ON APPEAL FROM THE BENEFITS REVIEW BOARD,
UNITED STATES DEPARTMENT OF LABOR

BRIEF FOR RESPONDENT, DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

CARIN ANN CLAUSS
Solicitor of Labor

LAURIE M. STREETER
Associate Solicitor

LEE D. RICHARDSON
Attorney
U.S. Department of Labor
Suite N-2716 NDOL Building
200 Constitution Ave., N.W.
Washington, D. C. 20210

Attorneys for Director, Office of
Workers' Compensation Programs

U.S. COURT OF APPEALS

MAR 2 1978

EDWARD W. WADSWORTH

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 77-3096

UNITED STATES STEEL CORPORATION

Petitioner

v.

FRANK GRAY

and

BENEFITS REVIEW BOARD, DEPARTMENT OF LABOR

and

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

Respondents

ON APPEAL FROM THE BENEFITS REVIEW BOARD,
UNITED STATES DEPARTMENT OF LABOR

BRIEF FOR RESPONDENT, DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS
UNITED STATES DEPARTMENT OF LABOR

INDEX

TABLE OF CONTENTS

Page

Counter-Statement of the Issue . . . . . . . . . . . .  2

Counter-Statement of the Case . . . . . . . . . . . .  2

Counter-Statement of the Facts . . . . . . . . . . .  3

Summary of Argument . . . . . . . . . . . . . . . .  5

Argument

    The Benefits Review Board properly con-
    cluded that the decision of the Hearing
    Officer is supported by substantial evi-
    dence and is in accordance with law . . . . .  7

Conclusion . . . . . . . . . . . . . . . . . . . . . . .  21

Certificate of Service . . . . . . . . . . . . . . . .  22

- i -

TABLE OF AUTHORITIES

CASES                                                    Page

Ansel v. Weinberger, 529 F.2d 304 (6th Cir. 1976) . . .  6, 14

Banks v. Chicago Grain Trimmers Assoc.,
    390 U.S. 459 (1968) . . . . . . . . . . . . . . . .  7

Cardillo v. Liberty Mutual Insurance Co.,
    330 U.S. 469 (1946) . . . . . . . . . . . . . . . .  7, 8

Director, OWCP v. Alabama By-Products Corp.,
    560 F.2d 710 (5th Cir. 1977) . . . . . . . . . . .  7

Jacksonville Shipyards Inc. v. Perdue,
    539 F.2d 533 (5th Cir. 1976) . . . . . . . . . . .  7

John W. McGrath Corp. v. Hughes
    289 F.2d 403 (2nd Cir. 1961) . . . . . . . . . . .  8

O'Leary v. Brown-Pacific-Maxon, Inc.,
    340 U.S. 504 (1951) . . . . . . . . . . . . . . . .  7

Peabody Coal Company v. Benefits Review Board,
    560 F.2d 797 (7th Cir. 1977) . . . . . . . . . . .  7, 8

South Chicago Coal & Dock Co. v. Bassett,
    104 F.2d 522 (7th Cir. 1939) . . . . . . . . . . .  8

Todd Shipyards Corp. v. Donovan,
    300 F.2d 741 (5th Cir. 1962) . . . . . . . . . . .  6, 8, 16

Usery v. Turner-Elkhorn Mining Co.,
    428 U.S. 1 (1976) . . . . . . . . . . . . . . . . .  6, 11, 13, 15

Young & Co. v. Shea, 404 F.2d 1059
    (5th Cir. 1968), cert. denied 395 U.S.
    920 (1969) . . . . . . . . . . . . . . . . . . . .  8, 19


STATUTES

Black Lung Benefits Act of 1972;
    86 Stat. 150, 30 U.S.C. §901 et seq. . . . . . . .  2

Federal Coal Mine Health and Safety Act,
    86 Stat. 742, as amended,
    30 U.S.C. § 801 et seq. . . . . . . . . . . . . . .  2

- ii -

STATUTES                                                    Page

    § 842(b)(2) . . . . . . . . . . . . . . .    16

    § 902(b) . . . . . . . . . . . . . . . . .    6, 19, 20

    § 921(c) . . . . . . . . . . . . . . . . .    13, 17

    § 921(c)(4) . . . . . . . . . . . . . . .    Passim

    § 923(b) . . . . . . . . . . . . . . . . .    6, 13

    § 925 . . . . . . . . . . . . . . . . . . .    2

    § 932(a) . . . . . . . . . . . . . . . . .    2, 5, 7

Longshoremen's and Harbor Workers' Compensation
    Act, 44 Stat 1424, as amended, 33 U.S.C. § 901
    et seq. . . . . . . . . . . . . . . . . .    2

    § 919 . . . . . . . . . . . . . . . . . . .    2

    § 921 . . . . . . . . . . . . . . . . . . .    2, 5, 7

    § 921(b) . . . . . . . . . . . . . . . . .    3

    § 921(c) . . . . . . . . . . . . . . . . .    3

REGULATIONS

    20 CFR § 410.110(o) . . . . . . . . . . .    6, 19

    20 CFR § 410.414(b) . . . . . . . . . . .    6, 9, 11, 19

    20 CFR § 410.414(b)(1) . . . . . . . . . .    20

    20 CFR § 410.414(b)(2) . . . . . . . . . .    6, 10, 11, 12

    20 CFR § 410.454(b) . . . . . . . . . . .    11

MISCELLANEOUS

Senate Report No. 91-411, 91st Congress,
    1st Session (1969) . . . . . . . . . . . .    17

Senate Report No. 92-743, 92nd Congress,
    2nd Session (1972) . . . . . . . . . . . .    15, 19

## COUNTER-STATEMENT OF THE ISSUE

Whether the Benefits Review Board properly concluded that the decision of the Hearing Officer is supported by substantial evidence and is in accordance with law.

## COUNTER-STATEMENT OF THE CASE

This case arose upon the filing of a claim for benefits by Frank Gray (hereinafter referred to as "claimant"), pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §901 et seq. (Supp. V, 1975). (hereinafter referred to as the "Act").[1]/

Following an initial determination by a Deputy Commissioner of the Office of Workers' Compensation Programs, United States Department of Labor, that the claimant was entitled to benefits and that the United States Steel Corporation was the coal mine operator responsible for the payment of those benefits, the United States Steel Corporation requested a hearing. Such hearing was held[2]/ on July 11, 1975, before Hearing Officer John C. Holmes.

---

1/ Title IV of the Act was substantially amended by the Black Lung Benefits Act of 1972 which added Part C, 30 U.S.C.§931 et seq. (Supp. V, 1975) (pursuant to which this claim was filed).

2/ Hearings and appeals under the Act are held pursuant to the procedures set forth under the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. et seq. (Supp. V, 1975) (hereinafter referred to as the "Longshoremen's Act"). See Longshoremen's Act, §§19 and 21, as amended, 33 U.S.C. §919 and §921, as adopted by the Act, §§415 and 422(a), as amended, 30 U.S.C. §925 and §932(a).

- 2 -

All parties participated at the hearing and were afforded the opportunity to introduce evidence, examine witnesses and present arguments.

By a decision and order filed in the Office of the Deputy Commissioner, United States Department of Labor on September 30, 1975, Hearing Officer Holmes held, based on section 411(c)(4) of the Act, 30 U.S.C. §921(c)(4), that the claimant was totally disabled due to pneumoconiosis and ordered the United States Steel Corporation to pay benefits to the claimant.

Petitioner filed a timely appeal to the Benefits Review Board, United States Department of Labor, pursuant to §21(b) of the Longshoremen's Act, as amended, 33 U.S.C. §921(b) (See n. 2, supra ).  The Board affirmed the Hearing Officer's decision, with a modification as to the date benefits were to commence, holding that the Decision and Order was supported by substantial evidence and was in accordance with law.  This appeal followed, pursuant to §21(c) of the Longshoremen's Act, as amended, 33 U.S.C. §921(c).

## COUNTER-STATEMENT OF THE FACTS

It is undisputed that the claimant worked for the United States Steel Corporation and its predecessors from 1948 until 1974, with the exception of a two year period from 1950 to 1952. The claimant testified that he worked "mostly in the mine" at the Concord mine from 1948 to late   1949 (App. 21).  Work at

the Concord mine entailed exposure to a lot of dust (App. 23).
He then worked at the Hamilton mine performing duties that
included building the "scale pits" inside the mine (App. 22,
24, 46) which exposed him to a great deal of dust (App. 25, 52).
After a brief period of time at the Short Creek mine, the
claimant was laid off from mine employment until he returned
to the Concord mine in 1952.  From 1952 until 1974 the claimant
was headquartered at Concord, but did work at every mine owned
by U.S. Steel (App. 28).  Although claimant's job classification
was carpenter, he performed an assortment of tasks, including
operating a jackhammer and a pavement breaker (App. 28).
Claimant sometimes was required to work inside the Concord mine
washer, a building where coal was refined and which had dust
conditions which the claimant described as as bad as inside the
mine (App. 26-28).  For a period of about a year, claimant did
sandblasting inside the washer (App. 51, 57, 94).  Claimant's
supervisors for the period for 1967 to 1974 testified that the
claimant did general construction work, primarily carpentry, at
all mines (App. 65, 74).  They agreed that the claimant sometimes
worked at the washer while the washer was operating (App. 70,
75), but they disputed claimant's testimony concerning dust
conditions, describing the dust as "not excessive" (App. 70).

- 4 -

The Hearing Officer, crediting claimant's testimony, held that although the claimant's job description was "carpenter", the claimant performed "many other functions" which were often under "dusty conditions" (App. 157).

## SUMMARY OF ARGUMENT

Pursuant to the incorporation provision of §422(a) of Title IV of the Act, 30 U.S.C. §932(a), decisions of hearing officers on claims arising under the Act are subject to review as provided in 33 U.S.C. §921. That section adopts the "substantial evidence" standard of review.

Judged by that standard, the decision of the Hearing Officer was properly affirmed by the Benefits Review Board and the decision of the Benefits Review Board should be affirmed by this Court. The employer's arguments are basically attempts to have this Court reweigh the evidence. The record shows that the Hearing Officer considered all the evidence, weighed it, accepted part and rejected part, and stated his reasons for doing so. The conclusion of the Hearing Officer that the claimant is entitled to the use of the presumption of total disability due to pneumoconiosis on the basis of over fifteen years of coal mine employment and the existence of a totally disabling respiratory or pulmonary impairment (30 U.S.C. §921(c)(4)) is supported by substantial evidence, is rational and is in accordance with law.

- 5 -

The employer is correct in positing that the Benefits Review Board improperly construed 20 CFR §410.414(b)(2) as a limitation on the employer's ability to rebut the presumption found in 30 U.S.C. §921(c)(4). <u>Usery</u> v. <u>Turner-Elkhorn Mining Co.</u>, 428 U.S. 1 (1976). Such holding by the Board constitutes harmless error, however, since the employer was not limited at the hearing in its attempts to rebut the presumption. No testimony elicited by the employer's counsel and no evidence introduced by employer's counsel was excluded by the Hearing Officer.

Employer's argument that the presumption of the existence of pneumoconiosis is rebutted in this case relies on the inclusion in the record of negative chest X-ray readings. The Act forbids the rebuttal of the presumption by negative X-ray. 30 U.S.C. §923(b); <u>Turner-Elkhorn, supra</u>, 428 U.S. at 12; <u>Ansel</u> v. <u>Weinberger</u>, 529 F.2d 304, 310 (6th Cir. 1976).

Employer's argument that the presumption is rebutted in that the claimant's respiratory impairment is not related to dust exposure through his employment is really a request for this Court to reweigh the evidence on this issue. Such a request is improper. <u>Todd Shipyards Corp.</u> v. <u>Donovan</u>, 300 F.2d 741 (5th Cir. 1962).

The employer also argues that the definitions of pneumoconiosis found in 20 CFR §410.110(o) and 20 CFR §410.414(b) expand upon the statutory definition of pneumoconiosis found in 30 U.S.C. §902(b). Such regulations are entirely consistent with the statute.

- 6 -

ARGUMENT

THE BENEFITS REVIEW BOARD PROPERLY CONCLUDED
THAT THE DECISION OF THE HEARING OFFICER IS
SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS IN
ACCORDANCE WITH LAW.

The scope of review of the finding below is governed by
well-established principles derived from review of cases arising
under both the Act and the Longshoremen's Act. [3]     Such findings
may not be disturbed unless they are unsupported by substantial
evidence on the record considered as a whole, O'Leary v.
Brown-Pacific-Maxon, Inc., 340 U.S. 504 (1951); Banks v. Chicago
Grain Trimmers Assoc., 390 U.S. 459 (1968); Peabody Coal Company
v. Benefits Review Board, 560 F.2d 797 (7th Cir. 1977), or are
irrational or forbidden by law, Cardillo v. Liberty Mutual
Insurance Co., 330 U.S. 469 (1946).  The reviewing court need
only to ascertain that there is warrant in the evidence and a
"reasonable legal basis" for the findings.  Cardillo, supra,
330 U.S. at 479; Jacksonville Shipyards Inc. v. Perdue, 539
F.2d 533 (5th Cir. 1976).  The Peabody Coal court aptly
summarized the implications of the substantial evidence test in

---

[3]  30 U.S.C. §932(a) incorporates the judicial review provisions
found in the Longshoremen's Act, 33 U.S.C. §921, as amended.
See Director, OWCP v. Alabama By-Products Corp., 560 F.2d
710 (5th Cir. 1977).

- 7 -

review of cases arising under the Act, stating:

> The substantial evidence test is less rigorous
> than the burden of proof in a jury trial.
> Young & Co. v. Shea, 404 F.2d 1059, 1061 (5th
> Cir. 1968), cert. denied 395 U.S. 920 (1969).
> In reviewing the findings of the trier of facts,
> the court cannot reweigh the evidence, but may
> only inquire into the existence of evidence to
> support the findings.  South Chicago Coal & Dock
> Co. v. Bassett, 104 F.2d 522, 528 (7th Cir. 1939),
> aff'd 309 U.S. 251 (1940).  Thus, the reviewing
> court may not set aside an inference because it
> finds the opposite one more reasonable, or
> because it questions its factual basis. Cardillo
> v. Liberty Mut. Ins. Co., 330 U.S. 469, 477-78
> (1947).  The evaluation of the witnesses' cred-
> ibility, including that of medical witnesses,
> is for the trier of fact.  John W. McGrath Corp.
> v. Hughes, 289 F.2d 403, 405 (2d Cir. 1961).
> Moreover, the trier is not bound to accept the
> opinion or theory of any given medical officer,
> but may weigh the medical evidence and draw his
> own inferences.  Todd Shipyards Corp. v.
> Donovan, 300 F.2d 741 (5th Cir. 1962).  560 F.2d
> at 802.

Finally, that the record may contain evidence supporting a
contrary conclusion is immaterial so long as the hearing officer's
findings rest upon substantial evidence. Cardillo v. Liberty
Mutual Insurance Co., supra.

In the instant case the Hearing Officer found that the
claimant is totally disabled by pneumoconiosis arising out of
his coal mine employment.  In so finding, he determined that
the claimant worked in the nation's coal mines for a period
in excess of fifteen years and that the claimant suffered from
a totally disabling respiratory or pulmonary impairment, thereby
qualifying for the use of the presumption set forth in

- 8 -

30 U.S.C. §921(c)(4). Said presumption states:

> If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's . . . claim under this title and it is interpreted as negative [for the existence of complicated pneumoconiosis], and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis . . . . The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine.

This presumption is encompassed in the regulations in 20 CFR §410.414(b).

The decision of the Hearing Officer clearly states that all of the medical evidence was considered and balanced in reaching his decision. In holding that the claimant suffers from disabling emphysema "caused by his prolonged cigarette smoking and aggravated by years of contact with coal dust" (App. 162), the Hearing Officer gave great weight to the testimony of Dr. Ben V. Branscomb, an acknowledged pulmonary specialist called by the employer, and the medical report of Dr. Francis M. Connery, the claimant's treating physician. Such reliance is rational and proper.

In order to invoke the use of the presumption found in 30 U.S.C. §921(c)(4), the Hearing Officer had to find that the

- 9 -

claimant suffers from a totally disabling respiratory or
pulmonary impairment. All of the relevant evidence presented
in this case is consistent with the Hearing Officer's finding
that the claimant suffers from totally disabling emphysema.
The claimant testified that he had to quit work because he
could neither walk very far nor carry anything (App. 43). Dr.
Connery, the treating physician, found the claimant to be
totally disabled from emphysema (App. 123). This conclusion was
based on medically accepted criteria which included pulmonary
function tests. Dr. E.G. Givhan examined the claimant on one
occasion and found him to be suffering from disabling emphysema
(App. 129). Dr. Branscomb examined the claimant and diagnosed
severe emphysema (App. 141). He specifically stated that the
claimant's shortness of breath was due to his lungs and not his
heart (App. 96). Thus, there can be no dispute that the Hearing
Officer's conclusion that the claimant suffers from a totally
disabling respiratory or pulmonary impairment is supported by
substantial evidence.

Employer argues that the Hearing Officer's finding that it
has not rebutted the §411(c)(4) presumption is not supported by
substantial evidence. In connection with this argument, it
correctly asserts that the Benefits Review Board improperly
construed 20 CFR §410.414(b)(2) as a limitation on the employer's
ability to rebut the presumptions. However, as discussed below,

- 10 -

this holding by the Board constitutes harmless error and in no way affects the basic issue of whether or not the finding by th Hearing Officer that the presumption has not been rebutted is supported by substantial evidence.

30 U.S.C. §921(c)(4) limits rebuttal of the presumption by the Secretary to two means -- establishing either that the miner does not, or did not, have pneumoconiosis, or that the miner's respiratory or pulmonary impairment did not arise out of or in connection with, his employment in a coal mine.  The Supreme Court, in Usery v. Turner-Elkhorn Mining Co., 428 U.S.1 (1976), ruled that the statutory limitation or rebuttal applies only to the Secretary of H.E.W. and not to an employer.  428 U.S. at 36-37.  The Court specifically declined, however, to rule on the statutory or constitutional validity of the regulations dealing with limitation on rebuttal evidence, 20 CFR §§410.414(b), 410.454(b).  20 CFR §410.414(b)(2) provides that

> [T]he presumption may be rebutted only if it is established that the miner does not, or did not have pneumoconiosis, or that his respiratory or pulmonary impairment did not arise out of, or in connection with, employ- ment in a coal mine.

The Benefits Review Board in the instant case held that this regulation limits the employer to the two prescribed means of rebutting the presumption.  Such holding is incorrect.  The regulation acts only as a descriptive device detailing ways in which the presumption may be rebutted.  The Director knows of

- 11 -

no way in which the presumption may be rebutted other that those detailed in the regulations. However, although the regulation might be a _practical_ limitation on rebuttal, it does not act as a _legal_ limitation on rebuttal. That portion of the Board's opinion holding that the regulation is a legal limitation on rebuttal should, therefore, be vacated.

However, vacating the said portion of the Board's decision in no way affects the validity of the Hearing Officer's decision and order. A review of the record below shows that the employer was in no way limited in its attempts to rebut the presumption. No testimony elicited by the employer's counsel and no evidence introduced by employer's counsel was excluded by the Hearing Officer. Counsel for the Director did not attempt to have any such evidence excluded. Furthermore, the employer has not argued to the Hearing Officer, the Board, or this Court that it  rebutted the presumption in any way other than those detailed in 20 CFR §410.414(b)(2). The employer was not hindered in any way in its attempts to rebut the presumption. Therefore, the Board's holding that 20 CFR §410.414(b)(2) limits the employer's right to introduce rebuttal evidence is nothing more than harmless error and should not affect the Court's review of whether there is substantial evidence to support the Hearing Officer's finding that the presumption is not rebutted in the instant case.

- 12 -

The employer argues that the presumption has been rebutted both by evidence that the claimant does not suffer from pneumoconiosis and by evidence that the claimant's respiratory or pulmonary impairment is not coal mine-related. This is a further attempt by the employer to have this Court reweigh the evidence. A review of the record clearly shows that there is substantial evidence supporting the Hearing Officer's findings in these areas.

The employer relies on the inclusion in the record of negative chest X-ray readings to argue that the claimant does not have pneumoconiosis or any other dust-related disease. The Act specifically forbids the denial of a claim solely on the basis of a negative chest X-ray. 30 U.S.C. §923(b), In Turner-Elkhorn, supra, 428 U.S. at 12, the Supreme Court, relying on §923(b), held that the presumptions found in §921(c) cannot be rebutted solely by a negative X-ray. The Sixth Circuit, in a case involving a claim for benefits under the Act where the x-ray evidence was negative, but other evidence indicated that the claimant was totally disabled by emphysema and bronchitis, vacated a denial of benefits which was based on a negative X-ray and remanded for an award of benefits based on §921(c)(4), holding:

> We believe that the district court failed to
> distinguish between "true" statutory pneumoconiosis,
> which can be directly proved by X-ray and biopsy,
> and "presumed" pneumoconiosis which exists when an

- 13 -

eligible applicant is totally disabled because
of pulmonary or respiratory impairment but cannot
prove "true" pneumoconiosis.  To hold that pre-
sumed pneumoconiosis is rebutted by evidence which
merely precluded a finding of true pneumoconiosis
would render the presumption of Section 921(c)(4)
a nullity.  4/

The employer, on pg. 24 of its Brief, asserts that Dr.

Branscomb testified at App. 98 that "there is no evidence to

support a diagnosis of a dust-related disease."  Dr. Branscomb's

actual testimony was quite a bit different, however.  Dr.

Branscomb stated that "there were no X-ray signs whatsoever to

support a diagnosis, specifically of any dust related

disease . . . ."  (App. 98) [emphasis added].  Dr. Branscomb

further testified that the results of claimant's pulmonary function

studies are consistent with those produced by an individual

suffering from coal workers' pneumoconiosis (App. 101).

The Senate Report to the Black Lung Benefits Act of 1972 makes

it clear that Congress, in adding sections 923(b) and 921(c)(4)

to the Act, intended to assist claimants such as Mr. Gray:

> [I]t has become glaringly apparent that the Act
> is not benefiting many of the nation's disabled
> coal miners who Congress intended to benefit.
> Testimony has indicated that miners with disabling
> breathing impairments who cannot be diagnosed
> medically as suffering from pneumoconiosis, because

4/  Ansel v. Weinberger, 529 F.2d 304, 310 (6th Cir. 1976).

- 14 -

of the state of the art, are being denied
benefits though they are as severely and often
times more severely impaired than miners whose
claims have been granted.

The reasons for these denials are many. The
great majority of denials are attributed to the
inability of the miner to present X-ray evidence
of the disease. . . . 5/

The Supreme Court in Turner-Elkhorn, supra, 428 U.S. at 31-32

discussed the shortcomings of the chest X-ray as a diagnostic tool

for pneumoconiosis:

Congress was presented with significant evidence
demonstrating that X-ray testing that fails to
disclose pneumoconiosis cannot be depended upon
as a trust-worthy indicator of the absence of the
disease. In particular, the findings of the
Surgeon General and others indicated that
although X-ray evidence was generally the most
important diagnostic tool in identifying the pre-
sence or absence of pneumoconiosis, when considered
alone it was not a wholly reliable indicator of
the absence of the disease; that autopsy frequently
disclosed pneumoconiosis where X-ray evidence had
disclosed none; and that pneumoconiosis may be
masked from X-ray detection by other disease
[footnotes omitted].

These findings are consistent with the evidence adduced in the

instant case. Both Drs. Branscomb and Connery are of the opinion

that emphysema can mask the appearance of pneumoconiotic opacities

on X-ray (App. 108-109, 123). In light of the above, it is

clear that the employer cannot and has  not rebutted the §921

(c)(4) presumption by the introduction of negative x-rays and the

introduction of testimony relying on negative x-rays.

5/ Senate Report No. 92-743, 92nd Congress 2nd Session
8-9 (1972).

Employer further argues that it has rebutted the (c)(4) presumption by introducing evidence that the claimant's pulmonary impairments are not related to dust exposure in his coal mine employment.  This argument is still another appeal to this Court to reweigh the evidence.  There is ample evidence in the record to constitute substantial evidence supporting the Hearing Officer's finding on this issue.  The claimant gave detailed testimony at the hearing concerning the dust conditions of his coal mine employment.  This testimony is detailed in the Counter-Statement of the Facts on pp. 3-5 herein.  Implicit in the Hearing Officer's decision is a finding that the claimant was a credible witness.  Such a credibility determination is the exclusive duty of the trier of fact and must not be over-turned by this Court.  Todd Shipyards v. Donovan, 300 F.2d 741 (5th Cir. 1962).

Employer places great emphasis in its Brief on testimony indicating that on two occasions when Mr. Gray was sampled, the dust conditions in the area in which he worked met the standards found in Title II of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §842(b)(2).  The Hearing Officer apparently found this information of little evidentiary value and such a finding is rational.  Such evidence simply shows what the dust levels were on two days out of the claimant's twenty-four years of coal mine employment.  Moreover, there is no basis for an argu-ment that recent compliance with dust level regulations, absent

- 16 -

other evidence, can rebut the presumptions found in §411(c) of the Act.  It is hoped that such standards will reduce the incidence of pneumoconiosis.  Congress has never expected such standards to eliminate this dread disease.  See, S. Rept. No. 91-411,    91st Cong. 1st Sess at 16-20 and 395.  Neither the Act nor the regulations create an inference that recent exposure to Title II dust levels makes the development or aggravation either unlikely or impossible.

There is no merit in employer's argument that there is not substantial medical evidence to support the Hearing Officer's finding that the claimant's emphysema is related to dust exposure in his coal mine employment.  None of the physicians who testified or filed reports on the claimant could totally discount the effect of coal dust on Mr. Gray's emphysema.  Dr. Connery, the treating physician, stated, "What role dust has and the etiology of his illness would be very hard for me to define . . . . [U]ntil proved otherwise I feel that dust exposure has played, at the very least, a synergistic role in the precipitation of pulmonary disability" (App. 123).  Dr. Givhan, in his report of medical examination, noted that "[t]he cause for emphysema is still somewhat in doubt . . . . [E]xposure to any dust . . . would tend to aggravate his emphysema" (App. 129).  In response to the question of whether or not he would classify chronic bronchitis and emphysema as chronic dust diseases of the lung,

- 17 -

Dr. Branscomb replied, " I think dust may be a factor con-
tributing to the development of chronic bronchitis and
emphysema in some people . . . . I do think that dust con-
tributes to bronchitis and emphysema to making it worse and
perhaps to causing it [emphasis supplied]" (App. 104).  Although
Dr. Branscomb asserted, in his written report, that he "found
nothing [in his examination of the claimant] to suggest a causal
relationship to occupation" (App. 141), he reversed his opinion
at the hearing and testified that he couldn't speculate as to the
relationship of dust exposure to claimant's emphysema since "I
don't know how much dust Mr. Gray has been exposed to.  I did
not go into great detail into just exactly what the dust
conditions were underground and above ground in his jobs"
(App. 105).

    It is obvious from a review of the evidence that no one
could specifically state how much of a role coal dust played
in the development of the claimant's emphysema.  Dr. Branscomb
aptly summarized the current level of medical knowledge con-
cerning pneumoconiosis when he said, "There is so much we don't
know about this disease" (App. 117).  Since the Act is meant
to be remedial legislation and since it is difficult to
accurately diagnose pneumoconiosis, Congress has specified that
"[i]n the absence of definitive medical conclusions there is

- 18 -

a clear need to resolve doubts in favor of the disabled miner or his survivors." [6/]     This Court has previously held in the context of the Longshoremen's Act that "[t]he policy of the Act that all doubtful questions are to be resolved in favor of the [claimant] is to be construed in  determining whether there was substantial evidence before the [hearing officer]." Young & Co. v. Shea, 404 F.2d 1059, 1061 (5th Cir. 1968), cert. denied, 395 U.S. 920 (1969).  The Court's reasoning in Young is equally persuasive in the context of the Black Lung Act.  Applying this standard to the instant case, it is clear that there is substantial evidence to support the Hearing Officer's finding that the claimant's emphysema is related to dust exposure from his coal mine employment.

The employer also argues that the definitions of pneumoconiosis found in 20 CFR §410.110(o) and 20 CFR §410.414 (b) expand upon the statutory definition of pneumoconiosis found in 30 U.S.C. §902(b).  30 U.S.C. §902(b) defines pneumoconiosis as a "chronic dust disease of the lung arising out of coal mine employment."  20 CFR §410.110(o) defines pneumoconiosis as:

> A chronic dust disease of the lung arising out of employment in the Nation's coal mines, and includes coal workers' pneumoconiosis, anthra-cosilicosis, anthracosis, anthrosilicosis,

---

6/  Senate Report No. 92-743, 92nd Congress 2nd Session 11 (1972).

- 19 -

> massive pulmonary fibrosis, progressive massive
> fibrosis, silicosis, or silicotuberculosis,
> arising out of such employment.

This regulatory definition simply restates the statutory definition and then lists several coal mine-related dust diseases by way of illustration.  Such definition is entirely consistent with the Act and, therefore, proper.

20 CFR §410.414(b)(i) details one way of determining the existence of pneumoconiosis:

> Even though the existence of pneumoconiosis is
> not established as provided in paragraph (a)
> of this section, if other evidence demonstrates
> the existence of a totally disabling chronic
> respiratory or pulmonary impairment (see §§ 410.412,
> 410.422, and 410.426), it may be presumed, in
> the absence of evidence to the contrary (see
> Subparagraph (2) of this paragraph), that a miner
> is totally disabled due to pneumoconiosis, or that
> a miner was totally disabled due to pneumo-
> coniosis at the time of his death.

Said regulation relied on by the Hearing Officer in awarding benefits, simply restates the presumption found in 30 U.S.C. §921(c)(4) and is entirely consistent with both §921(c)(4) and §902(b).

CONCLUSION

For the foregoing reasons, it is respectfully submitted that the decision below should be vacated with respect to the Board's holding that 20 CFR §410.414(b)(2) limits the employer's ability to rebut the presumption contained in 30 U.S.C. §921(c)(4) and affirmed in all other respects.

Respectfully submitted,

CARIN ANN CLAUSS
Solicitor of Labor

LAURIE M. STREETER
Associate Solicitor

LEE D. RICHARDSON
Attorney
U.S. Department of Labor
Suite N2716, NDOL Bldg.
200 Constitution Ave., N.W.
Washington, D.C. 20210
202-523-7550

Attorneys for Director, Office of
Workers' Compensation Programs

- 21 -

CERTIFICATE OF SERVICE

I hereby certify that on FEB 27 1978 , copies

of the foregoing Brief for Respondent, Director, Office of

Workers' Compensation Programs, were sent by certified

mail to:

James D. Strader, Esq.
600 Grant Street
Pittsbugh, PA  15230


Thomas N. Crawford, Jr., Esq.
Cooper, Mitch, and Crawford
409 N. 21st Street
Birmingham, AK  35203


LEE D. RICHARDSON,   Attorney
U.S. Department of Labor

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing, **MOTION FOR LEAVE TO FILE ATTACHMENT TO INFORMAL REPLY BRIEF OF PETITIONER**, was served electronically through CM/ECF, or as otherwise indicated, this **2nd** day of April 2014.


**<u>ELECTRONIC</u>:**
          Patricia S. Connor
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr.
United States Courthouse Annex
1100 E. Main St., Suite 501
Richmond, VA  23219-3517

Michelle S. Gerdano
U. S. Department of Labor
Office of the Solicitor
Frances Perkins Building
Room N-2117
200 Constitution Avenue, N.W.
Washington, DC  20210
gerdano-seyman-miche@dol.gov
blls-sol@dol.gov


**<u>REGULAR</u>:**
          Valla Jean Loudermilk
HC 83, Box 842
Rainelle, WV  25962


<u>/s/ Tiffany B. Davis</u>
*Counsel for West Virginia CWP Fund*